**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20937259 | D1 CM | 42556438 |

Rule 4 (B) Ohio

Rules of Civil Procedure

TRACY SZCZESNIAK      **PLAINTIFF**
VS
BEARING DISTRIBUTORS INC., ET AL    **DEFENDANT**

# SUMMONS

BEARING DISTRIBUTORS INC.
8000 HUB PARKWAY
CLEVELAND OH 44125

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



**Plantiff's Attorney**

MICHAEL PASKERT
8396 MAYFIELD ROAD

CHESTERLAND, OH 44026-0000

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By_____
    Deputy

| DATE SENT |
|---|
| Sep 15, 2020 |

COMPLAINT FILED    09/15/2020



CMSN130

**Exhibit A**



CV20937259     114450991



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
September 15, 2020 11:38

By: JEFFREY J. FANGER 0058439

Confirmation Nbr. 2072783

TRACY SZCZESNIAK                                CV 20 937259

vs.

BEARING DISTRIBUTORS INC., ET AL          Judge: PETER J. CORRIGAN

Pages Filed: 11

**Exhibit A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| TRACY SZCZESNIAK<br>15200 Brookpark Road<br>Brookpark, Ohio 44135, | ) )<br>)<br>) | CASE NO.<br><br>JUDGE |
| PLAINTIFF, | )<br>) | |
| VS. | )<br>) | |
| BEARING DISTRIBUTORS INC.<br>8000 Hub Parkway<br>Cleveland, Ohio 44125, | )<br>)<br>)<br>) | **COMPLAINT** |
| AND | )<br>) | |
| SEAN (LNU)<br>c/o Bearing Distributors Inc.<br>8000 Hub Parkway<br>Cleveland, Ohio 44125, | )<br>)<br>)<br>) | Type: Discrimination, Sexual<br>Harassment, Hostile Work<br>Environment and related claims. |
| DEFENDANTS. | )<br>) | |

**(JURY DEMAND ENDORCED HEREON)**

Now comes Plaintiff, Tracy Szczesniak, by and through undersigned Counsel, and brings this action for a declaratory judgment, preliminary and permanent injunctive relief, legal and equitable relief and damages, including punitive damages, and statutory attorney's fees for the wrongful acts and failure to act of her former employer, Bearing Distributors Inc. ("BDI") and her colleague/supervisor Sean (LNU) as set forth below:

1. Tracy Szczesniak is a resident of Brookpark, Ohio and Cuyahoga County.

2. BDI is an Ohio For-Profit Corporation licensed and incorporated to do business in Ohio.

3. BDI's principal place of business is in Cleveland, Ohio.

4. Sean (LNU) is an employee of Bearing Distributors Inc..

5. Sean (LNU) was at all times relevant a colleague and/or supervisor overseeing Ms. Szczesniak's position at BDI.

6. Ms. Szczesniak reported to Defendant Sean (LNU) as Ms. Szczesniak's supervisor.

7. All events alleged herein took place in Cuyahoga County.

8. Venue is proper in Cuyahoga County Court of Common Pleas pursuant to Ohio Civ. R. (3)(B)(1) and (2).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this complaint.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff, Tracy Szczesniak, was born on June 23, 1972.

11. Ms. Szczesniak is female.

12. At all times relevant herein, Ms. Szcesniak was an "employee" of BDI in the Shipping Department, as defined by R.C. 4112.02(A)(3).

13. In or about August 2012, Defendant Bearing Distributors Inc. hired Plaintiff.

14. Defendant BDI is an "employer" as defined by R.C. 4112.02(A)(2), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e. *et seq.*), and 42 U.S.C. § 1981a.

15. Defendant Sean (LNU) was hired by Defendant BDI in or about 2014.

16. Beginning in or about August 2016, Sean began sexually harassing Plaintiff.

17. Beginning in or about August 2016, Sean began pursuing Plaintiff, despite her protestations, including by following Plaintiff while she took her lunch break at BDI, staring at

Exhibit A

Plaintiff while she ate, staring at Plaintiff while she went about her work day, and showing Plaintiff nude photographs of himself on his cell phone.

18. Sean's behavior continued from August 2016 until December 2019.

19. Based on Sean's behavior, Plaintiff became concerned that Sean would attack her.

20. Based on information and belief, Plaintiff has been informed that Defendant Sean was removed from the Shipping Department to seek treatment for alcohol abuse.

21. Based on information and belief, upon Defendant Sean's return to BDI from alcohol abuse treatment in late 2018, BDI promoted him to Shipping Department Supervisor.

22. As supervisor, Sean had the authority to reprimand Plaintiff and was in charge of conducting Plaintiff's annual performance review.

23. Upon his promotion, Defendant Sean began reprimanding Plaintiff for pretextual work infractions, without basis, after Plaintiff rejected his advances.

24. In or around November 2019, Defendant Sean gave Plaintiff a negative performance review.

25. In or around November 2019, Plaintiff reported Sean's harassment to Bob (LNU) and Connor (LNU), Human Resources Representatives at BDI.

26. HR Representative Connor recorded this conversation in writing.

27. Bob and Connor advised Plaintiff that they could not and would not take action to stop Sean's harassment, and told her to go back to work in the Shipping Department, with Defendant Sean.

28. Plaintiff then reported the harassment to Scott (LNU), an executive at BDI.

29. Scott told Plaintiff to record the harassment in writing, but failed to take immediate action to stop Sean's harassment of Plaintiff.

30. Following Plaintiff's conversation with Sean, Plaintiff returned to work in BDI's Shipping Department with Sean.

31. After Plaintiff reported Sean's sexual harassment, Sean continued following Plaintiff around her work area at BDI, and blocked her from leaving his department.

32. Rather than continue to face Sean's harassment, and out of fear for her safety, Plaintiff resigned on or about December 13, 2019.

33. On or about May 12, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

34. To the best of Plaintiff's knowledge, the EEOC's investigation into her Charge of Discrimination is ongoing, due in part to the Novel Coronavirus (COVID-19) pandemic.

# COUNT I: QUID PRO QUO SEXUAL HARASSMENT DISCRIMINATION IN VIOLATION OF R.C. 4112.02(A); TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. 2000e-2(a)(1); AND 42 U.S.C. 1981a

35. Plaintiff reavers the foregoing paragraphs as if restated herein.

36. Pursuant to R.C. 4112.02(A), it is unlawful discriminatory practice for any employer, because of the sex of an employee, to discharge without just cause, or otherwise to discriminate against that person with respect to hire, terms, conditions, or any matter directly or indirectly related to employment.

37. Violating R.C. 4112.02(A) subjects an employer to civil action for damages, injunctive relief, or any other appropriate relief. R.C. 4112.99.

**Exhibit A**

38. Pursuant to U.S.C. §2000e-2, it is an unlawful employment practice for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment," because of such individual's sex.

39. Pursuant to 29 C.F.R. §1604.11, harassment on the basis of sex is a violation of Title VII.

40. Under 29 C.F.R. §1604.11, "unwelcome sexual advances" constitute sexual harassment when "submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual."

41. Defendant Sean harassed Plaintiff on the basis of her sex.

42. Sean's harassment is directly linked to the denial of a favorable review of Plaintiff's 2019 performance at BDI.

43. A favorable performance review would have been a tangible economic benefit to Plaintiff.

44. Defendants constructively discharged Plaintiff based on the hostile environment at BDI, and Sean's false, negative review of Plaintiff's performance in 2019.

45. Defendant's acts were in violation of R.C. 4112.02 which prohibits discharge without just cause of any person based upon sex.

46. Defendant's actions directly and proximately caused Plaintiff to suffer loss of employment, lost wages, mental and emotional anguish and other losses, and therefore Plaintiff seeks compensatory damages, attorney fees, and punitive damages in an amount as determined by this Honorable Court to be fair, just, and equitable.

## COUNT II: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT DISCRIMINATION IN VIOLATION OF R.C. 4112.02(A); TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. 2000e-2(a)(1); AND 42 U.S.C. 1981a

47. Plaintiff reavers the foregoing paragraphs as if restated herein.

48. Under 29 C.F.R. §1604.11, "unwelcome sexual advances" constitute sexual harassment when "such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."

49. The Plaintiff, a female, is a member of a protected class as the term is defined by Ohio Revised Code §4112 et seq. and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

50. Defendant Sean's sexual harassment was unwelcome, unsolicited, undesirable, and offensive.

51. Defendant Sean's conduct was motivated by sexual desire.

52. Defendant Sean's conduct was directed at Plaintiff on the basis of Plaintiff's sex.

53. Defendant Sean's conduct was humiliating and physically threatening to Plaintiff.

54. Defendant Sean's conduct unreasonably interfered with Plaintiff's work performance.

55. Defendant Sean exhibited a pattern of harassing conduct directed at Plaintiff.

56. Defendant Sean's harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and to create a hostile working environment.

57. In 2018, Defendant BDI promoted Defendant Sean to Shipping Department Supervisor, a position above Plaintiff's in Plaintiff's department.

58. As Shipping Department Supervisor, Defendant Sean was responsible for Plaintiff's annual performance review, and had authority to reprimand Plaintiff.

**Exhibit A**

59. In or around November 2019, Plaintiff reported Defendant Sean's harassment to Human Resources and BDI executives.

60. Before Plaintiff reported Defendant Sean's harassment, Defendant BDI knew or should have known of Sean's harassment.

61. Both before and after Plaintiff reported Sean's sexual harassment, Defendant BDI failed to take immediate and appropriate corrective action.

62. Defendant BDI failed to prevent the culture of harassment within Plaintiff's workspace.

63. Defendant Sean's conduct as alleged above constitutes hostile and abusive working environment in violation of the Ohio Revised Code §4112 et seq., Title VII of the Civil Rights Act (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981a.

## COUNT III: REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES

64. Plaintiff reavers the foregoing paragraphs as if fully restated herein.

65. Plaintiff engaged in activities protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981a and Ohio Revised Code § 4112 *et seq.* by reporting Defendant Sean's sexual harassment to Defendant BDI.

66. After Plaintiff reported Defendant Sean's sexual harassment to BDI's Human Resources Department and Executives, she remained in Sean's department.

67. After Plaintiff reported Defendant Sean's sexual harassment to BDI's Human Resources Department and Executives, Sean continued to stalk Plaintiff throughout the BDI Shipping Department, and blocked her from leaving the Shipping Department.

68. Based on Defendant Sean's conduct, Plaintiff began fearing for her physical safety.

69. Defendants' conduct as alleged above constitutes retaliation against Plaintiff.

**Exhibit A**

WHEREFORE, Plaintiff requests that this Court issue judgment in her favor and against Defendants Bearing Distributors Incorporated and Sean (LNU), and grant her relief that fully compensates her for all damages proximately suffered because of Defendants' unlawful and unjust employment practices in an amount in excess of $25,000 (Twenty Five Thousand Dollars), including:

1) An order finding that Defendants violated Plaintiff's employment rights under Ohio law and clear public policy;

2) Full reinstatement of Plaintiff to the same or an equivalent position;

3) An award of liquidated damages, as well as back pay, compensatory, incidental, consequential and/or liquidated damages, front pay and all other equitable and monetary relief as justice requires;

4) Punitive damages, as well as compensation for pain, suffering and loss of reputation to the extent permitted by law;

5) Attorney's fees, court costs and expenses, including expert witness fees;

6) Prejudgment and as applicable post judgment interest at the prevailing interest rate provided by law; and

7) Any further relief that this Court deems just and proper.

Respectfully submitted,
Fanger & Davidson LLC

Jeffrey J. Fanger (0058439)

Gerry Davidson (0022467)
Michael Paskert (0099688)
Attorneys for Plaintiff
8396 Mayfield Road
Chesterland, OH 44026
Tel: (440) 605-9641
Fax: (440) 605-9642
Email: jfanger@fangerlaw.com
gdavidson@fangerlaw.com
mpaskert@fangerlaw.com

## JURY DEMAND

Per R.C. 38, Plaintiff hereby demands a trial by jury with the maximum number of jurors on all triable issues herein.

*/s/ Jeffrey J. Fanger (0058439)*

**Exhibit A**

|                     |       |           |
|---------------------|-------|-----------|
| STATE OF OHIO       | )     |           |
|                     | ) SS  | AFFIDAVIT |
| COUNTY OF CUYAHOGA  | )     |           |

I, Tracy Szczesniak, being first duly sworn, depose and state under oath that the following is true and accurate to the best of my knowledge and belief and I hereby attest and affirm the following:

### Parties

1. I, Tracy Szczesniak, am female, a citizen of the United States and a resident of the State of Ohio and at all times relevant to this suit, until my resignation on December 13, 2019, was employed by Bearing Distributors Inc. in the Shipping Department.

2. Defendant Sean (LNU), a male, was my coworker in the Shipping Department until his 2018 promotion to Shipping Department Supervisor.

3. I was employed in the Shipping Department of Bearing Distributors Inc. beginning in or about August 2012.

4. In or about 2014, Sean (LNU) was hired as my colleague in the Shipping Department.

5. Beginning in or about August 2016, Sean began pursuing me, by following me on my lunch break, staring at me while I ate lunch, staring at me while I retrieved work materials from the aisles at Bearing Distributors Inc., blocking me from leaving the Shipping Department, and by showing me nude photographs of himself on his cell phone.

6. Sean's behavior continued from approximately August 2016 until December 2019.

7. I was greatly offended and embarrassed by Sean's unsolicited, unwelcome conduct.

8. In or about late 2018, Bearing Distributors Inc. promoted Sean to Shipping Department Supervisor, a position in the Shipping Department above mine.

9. As supervisor, Sean had the power to reprimand me, and began yelling at me for performing my job incorrectly, without basis.

10. As a supervisor, Sean had the power to conduct my performance review, and in or around November 2019, gave me a negative review for my 2019 performance without basis.

**Exhibit A**

11. Based on Sean's behavior, I became concerned for my physical safety.

12. In or around November 2019, I reported Sean's harassment to Bob (LNU) and Connor (LNU), Human Resources Representatives at Bearing Distributors Inc.

13. Connor recorded our conversation in writing, but informed me there was nothing Human Resources could do to stop Sean's harassment.

14. I then spoke to Scott (LNU), an executive at Bearing Distributors Inc., and informed him of Sean's harassment. I also told Scott that I did not feel safe around Sean.

15. ~~Sean~~ Scott T.S. told me to write down my concerns, but failed to take corrective action to stop Sean's harassment.

16. I continued to work in the Shipping Department with Sean until December 13, 2019, when my fear for my safety caused me to resign.

17. On or about May 12, 2020, I filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), detailing the sexual harassment to which I was subjected at Bearing Distributors Inc. To my knowledge, the resulting EEOC investigation is ongoing, due in part to the Novel Coronavirus (COVID-19) pandemic.

*Further affiant sayeth naught.*

_____        Tracy Szczesniak
Signed

Sworn to and subscribed before me this 13th day of September, 2020.

_____
Notary Public

This Instrument prepared by:

Jeffrey J. Fanger, Esquire
Fanger & Davidson LLC
8396 Mayfield Road
Chesterland, Ohio 44026
Tel: (440) 605-9641
Fax: (440) 605-9642

**LINDA JOHNSON**
NOTARY PUBLIC • STATE OF OHIO
Recorded in Lorain County
My commission expires Feb. 28, 2021

**Exhibit A**